UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMAAL RUSS,

                Plaintiff,

-against-

NIKE, INC.,

                Defendant.

1:25-CV-3328 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jamaal Russ, of Brooklyn, Kings County, New York, brings this *pro se* action via a "petition for cancellation of patent registration no. 6,639,128."[1] He seeks injunctive relief, including "[c]ancel[ation] [of] Patent Registration No. 6,639,128, based on the on-sale bar principles." (ECF 1, at 2.) Plaintiff sues Nike, Inc. ("Nike"), which, he alleges, "is a corporation organized under the laws of the State of Oregon, with its principal place of business located [in] . . . Beaverton, Oregon." (*Id.* at 1.) For the following reasons, the Court transfers this action to the United States District Court for the District of Oregon.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] For the purposes of this order, the Court will refer to this submission as the complaint.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] § 1391(c)(1), (2).

Plaintiff alleges facts showing that Nike resides in Oregon. (ECF 1, at 1.) The State of Oregon constitutes one federal judicial district. *See* 28 U.S.C. § 117. Thus, the United States District Court for the District of Oregon is a proper venue for this action under Section 1391(b)(1). While Plaintiff alleges that Nike conducts business within this judicial district (ECF 1, at 1),[3] he alleges no facts supporting that contention or anything else that would cause the Court to conclude that Nike is subject to the personal jurisdiction of this court with respect to this action. Thus, it does not appear that this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff, who resides in Brooklyn, which is not within this judicial district,[4] also alleges that a substantial part of the events that are the bases for his claims occurred within this judicial

---

[2] With respect to a defendant that is a corporation, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[4] Plaintiff resides within the Eastern District of New York, which is comprised of the

district. (ECF 1, at 1.) He alleges no facts, however, supporting that contention. Thus, it is unclear whether this court is a proper venue under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. It would appear that many of the alleged decisions with regard to the patent at issue took place at Nike's principal place of business, which Plaintiff alleges is located in Beaverton, Oregon, within the District of Oregon. *See* § 117. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the District of Oregon, which is a proper venue for Plaintiff's claims under Section 1391(b)(1), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this

---

following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* 28 U.S.C. § 112(c).

action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Oregon. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 14, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge